UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA MONTIJO,

    Petitioner,

v.                                              CASE NO:  8:03-CV-1691-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition and Respondents' response (Dkt. #8) and determines that the petition was not timely filed and therefore should be dismissed.

Petitions for habeas corpus filed pursuant to §2254 are governed by the one (1) year filing limitation period established by §2254(d). The limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2254(d)(1). The statute further provides that "[t]he time during which a properly filed application for the State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. §2254(d)(2). Finally, §2254 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with due diligence.'" Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).

    The Petitioner's direct appeal was decided on December 18, 1998. The Petitioner then had ninety (90) days to seek further review. The Petitioner's time limitation for filing a federal claim under §2254 began on March 18, 1999, and expired on March 18, 2000. Any filing in state court after March 18, 2000, would not "toll" the time for filing the instant petition. The instant petition was not filed until August 8, 2003. Petitioner has not made any showing that would entitle her to equitable tolling of the limitation period. Therefore, the petition is time barred.

    It is therefore ORDERED AND ADJUDGED that:

    1.    The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2003\03-cv-1691.time barred 2254.wpd*